James W. Schottel, Jr., Esq.
jwsj@schotteljustice.com

**Schottel & Associates, P.C.**
*Attorneys and Counselors at Law*
www.schotteljustice.com

Licensed in Missouri and New York

**VIA CM/ECF**

December 19, 2020

To:     Catherine Marie Hoag
From:   James W. Schottel, Jr., Esq.

RE:     *United States of America v. DeAndre White*
        *Case No. 4:20-CR-460 RWS (SPM)*

        *Discovery Requests*

Dear Ms. Hoag:

Pursuant to Fed.R.Crim.P. 16(a)(1) of the Federal Rules of Criminal Procedure please disclose the following:

1. Please provide all statements attributed to Defendant DeAndre White. If statements were made at the time of defendant's arrest, please provide those; including any translations of statements;

2. (Fed.R.Crim.P. 16(a)(1)(G), Experts) If you intend to offer any expert opinions the sooner those are provided the earlier so I will be able to see if stipulations or agreements can be reached, or if the opinions are contested. I ask that you consider this request in a broad sense so there are no last minute disputes, (see evidence rules 702, 703,705, as well as procedure rule 16(a)(1)(G). **I am specifically asking for complete discovery of any forensic reports and not merely the summary or conclusion.** I ask for the C.V. of any expert, Summary of Expert Testimony, lab report(s) including any worksheets, bench notes, instrument print outs and graphs, and other items showing the methodology followed by the expert;

3. I formally request Brady & Giglio information. I consider any information concerning plea agreements or benefits of any kind which have been or may be offered to potential witnesses to be potentially exculpatory Giglio material and available to the defense separate and distinct from Rule 16. Request for all such documents is made. Within this request are plea agreements made with the State of Missouri, or other state court agreements which come to your attention or the attention of agents. (*See* Kyles v. Whitley,415 U.S. 419 (1995)). There have been a few situations in the past where documents turned up late in a case when the agents involved informed the prosecutor these items were not timely produced by state agents. I hope to avoid that now by asking you to prod the agents to obtain full production of all discovery and

page 2

Brady information from state agencies as soon as possible;

   4. Pursuant to Fed.R.Crim.P. 12(b)(4)(A) and (B), Notice of Government's Intent to Use Evidence, I request that you provide notice of the government's intent to use any evidence (covered by the rule) in your case in chief. If there is evidence which you feel the rule may not cover but which you intend to use, please notify me of any "disputed evidence" so we may have the court make an "in camera" finding;

   5. I ask that you voluntarily provide access to "*Jencks*" material - statements of any and all witnesses you intend to call as witnesses at the motions hearing in this matter - within a reasonable time before the motion hearing in order to avoid any possible recesses and delays in that hearing, pursuant to Fed.R.Crim.P. 26.2(d);

   6. Formal request is made for any Federal Rule of Evidence, 404(b) evidence which the government may consider introducing at trial;

   7. This request includes what is sometimes called "sentencing discovery". Specifically I am requesting any documents or information which you reasonable expect to rely on in seeking an advisory guideline offense level and any potential guideline adjustments up from the base offense level;

   8. Please provide a copy of any of the defendant's criminal history information in the government's possession;

   9. Any portion of any written record containing the substance of any relevant oral statement made by Defendant DeAndre White, whether before or after arrest, in response to interrogation by any person then known to Defendant DeAndre White to be law enforcement; this request includes any written translations of statements;

   10. The substance of any oral statement made by Defendant DeAndre White before or after her arrest in response to interrogation by a then known-to-be law enforcement which the prosecution intends to offer into evidence at trial;

   11. Recorded grand jury testimony of Defendant DeAndre White relating to the offense(s) charged;

   12. Disclosure to Defendant DeAndre White and permission to inspect and copy all information and material known to this prosecutor which may be favorable to Defendant DeAndre White on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976);

page 3

      13.      Prior arrest and prior conviction records of any informant, cooperating individual, or witness who will testify for the Office of the United States Attorney at trial;

      14.      Disclosure to Defendant DeAndre White as to whether she was identified in any lineup, show-up, photo spread or similar identification proceeding and produce any pictures utilized or resulting therefrom;

      15.      Disclose to Defendant DeAndre White, for inspection, any and all things, objects, books, or records that were seized in this case in order for Defendant DeAndre White to determine whether she has the standing to file a motion to suppress; and

      16.      With regard to any hearsay statement or statement defined in Rule 801(d)(2)(C), (D), or (E), which the government intends to introduce at trial as to the declarant of that statement: all information regarding the declarant's prior convictions and criminal records, any inconsistent statements made by the declarant, any information regarding bias or motive on behalf of the declarant, any information as to the opinion of others with regard to the declarant and the declarant's reputation. This request includes translations of the statements.

      Sincerely,

      SCHOTTEL & ASSOCIATES, P.C.

      s/*James W. Schottel, Jr.*
      James W. Schottel, Jr., Esq.

JWS/chd

cc:      DeAndre White (by U.S. mail)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on <u>October 9, 2020</u>, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

            John R. Mantovani
            John.Mantovani@usdoj.gov

            Attorney for Plaintiff
            United States of America


            s/*James W. Schottel, Jr.*